UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAMELA PINCHBECK,<br><br>Plaintiff,<br><br>-against-<br><br>NELSON, WATSON & ASSOCIATES, LLC,<br><br>Defendant. | **'10 CIV 02200**<br>**JUDGE SEIBEL**<br><br>**VERIFIED COMPLAINT and DEMAND FOR JURY TRIAL** |

NOW COMES Plaintiff, Pamela Pinchbeck ("Plaintiff"), by and through her attorneys, Krohn & Moss, Ltd., for her Verified Complaint against Defendant, Nelson, Watson & Associates, LLC. ("Defendant"), alleges as follows:

### NATURE OF THE ACTION

1. This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### PARTIES

2. Plaintiff is a natural person residing in Carmel, Putnam County, New York.

3. Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

4. Defendant is a national company having its principal place of business located in Haverhill, Massachusetts.

5. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____
```

6. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8. Because Defendant conducts business in the state of New York, personal jurisdiction is established

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

10. Declaratory relief is available pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

## FACTUAL ALLIGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant contacts Plaintiff from telephone number 800-910-5856 approximately three (3) times a day, every day, seeking and demanding payment of the alleged debt.

13. Defendant places telephone calls without meaningful disclosure of the caller's identity as Defendant does not state its company name when speaking with Plaintiff and will call Plaintiff and hang up without leaving a voicemail message.

14. Defendant has failed to identify itself as a debt collector in subsequent communications as Defendant will call Plaintiff and hang up without leaving a voicemail message.

15. Defendant calls Plaintiff at her work, despite being told not to call Plaintiff at her work

## **CLAIM FOR RELIEF**

16. Defendant's violations of the FDCPA include, but are not limited to, the following:

    a. Defendant violated *§1692c(a)(3)* by repeatedly contacting Plaintiff at her place of employment even though Defendant knew that Plaintiff's employer prohibits the consumer from receiving such communications;

    b. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt;

    c. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff;

    d. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity;

    e. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by calling Plaintiff and hanging up without leaving a voicemail message;

    f. Defendant violated *§1692e(10)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector; and

    g. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

17. Plaintiff is entitled to her attorney's fees and costs incurred in this action.

18. This case presents an actual and justiciable controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

(1) Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*;

(2) Actual damages

(3) Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1692k

(4) Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

(5) Awarding such other and further relief as may be just, proper and equitable.

Dated: 3-2-10

KROHN & MOSS, LTD.

By: _____
Adam T. Hill
KROHN & MOSS, LTD.
120 W. Madison St.; 10th Fl.
Chicago, Illinois 60602
Telephone: 312-578-9428 x203
Fax: 866-289-0898
ahill@consumerlawcenter.com
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Pamela Pinchbeck hereby demands a jury trial in this matter.

## VERIFICATION

(STATE OF NEW YORK)

:ss.:

COUNTY OF PUTNAM)

Plaintiff, PAMELA PINCHBECK, being duly sworn, deposes and says:

1. I am the Plaintiff in this civil proceeding;
2. I have read the foregoing Verified Complaint prepared by my attorneys and I believe that all of the facts contained therein are true and correct, to the best of my knowledge, and formed after reasonable inquiry;
3. I belief that this civil Complaint is well ground in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law;
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it;
6. Each and every exhibit I have provided to my attorneys, which has/have been attached to this Complaint, is/are true and correct copy(s) of the original(s); and
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated the exhibit(s), except that some of the attached may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, PAMELA PINCHBECK, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 2/25/10

PAMELA PINCHBECK